IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Teri Correa; Elizabeth Hawkins; Jennifer Root, formerly known as Jennifer Bruschi,<br><br>      Plaintiffs,<br><br>    vs.<br><br>ADP, Inc.; Ernest Ahumada; Daniel E. Alexander; Jill Altana; Nena Dols; James L. Gummow; John Does 1-10; Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; Roe "Non-Profit" Corporations 1-10; and Roe Governmental Entities 1-10,<br><br>      Defendants. | Civ. No. 13-00488 HG-KSC |

**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND (ECF No. 12)**

Plaintiffs Teri Correa, Elizabeth Hawkins, and Jennifer Root, formerly known as Jennifer Bruschi, filed a Complaint in Hawaii state court asserting claims for sex discrimination, retaliation, and hostile work environment pursuant to Section 378-2 of Hawaii Revised Statutes; and, for negligent and intentional infliction of emotional distress. Defendant ADP, Inc. removed the action to federal court based on diversity jurisdiction.

Plaintiffs have filed a Motion to Remand the action to state court. Defendant ADP, Inc. opposes the Motion.

Plaintiffs' Motion for Remand is **GRANTED**.

## PROCEDURAL HISTORY

On June 21, 2013, Plaintiffs Teri Correa, Elizabeth Hawkins, and Jennifer Root, formerly known as Jennifer Bruschi, filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (Complaint, attached as Exh. A. to Defendant ADP Inc.'s Notice of Removal, ECF. No. 1-1).

On September 25, 2013, Defendant ADP, Inc. removed the action to the United States District Court, District of Hawaii. (ECF No. 1).

On September 30, 2013, Defendant ADP, Inc. filed a MOTION TO DISMISS. (ECF No. 7).

On October 1, 2013, Defendant ADP, Inc. filed an AMENDED MOTION TO DISMISS.  (ECF No. 8).

On October 16, 2013, Plaintiffs Teri Correa, Elizabeth Hawkins, and Jennifer Root filed PLAINTIFFS' MOTION FOR REMAND. (ECF No. 12).

On October 16, 2013, Plaintiffs Teri Correa, Elizabeth Hawkins, and Jennifer Root filed PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT ADP, INC.'S MOTION TO DISMISS.  (ECF No. 13).

On October 17, 2013, the Court issued a Minute Order vacating the briefing schedule for Defendant ADP, Inc.'s AMENDED MOTION TO DISMISS and setting a briefing schedule and a hearing

date for PLAINTIFFS' MOTION FOR REMAND.  (ECF No. 14).

On October 31, 2013, Defendant ADP, Inc. filed a MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND.  (ECF No. 19).

On November 18, 2013, Plaintiffs Teri Correa, Elizabeth Hawkins, and Jennifer Root filed PLAINTIFFS' REPLY TO DEFENDANT ADP, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND.  (ECF No. 30).

On December 4, 2013, Defendant ADP, Inc. filed DEFENDANT ADP. INC.'S SUPPLEMENTAL CITATION OF AUTHORITIES IN SUPPORT OF ITS MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND. (ECF No. 34).

On December 4, 2013, Plaintiffs filed PLAINTIFFS' SUPPLEMENTAL CITATION OF AUTHORITIES IN SUPPORT OF ITS MOTION FOR REMAND FILED ON OCTOBER 16, 2013 AND ITS REPLY TO DEFENDANT ADP, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND FILED ON OCTOBER 16, 2013, FILED ON NOVEMBER 18, 2013.  (ECF No. 35).

On December 6, 2013, Plaintiffs filed PLAINTIFFS' SECOND SUPPLEMENTAL CITATION OF AUTHORITIES IN SUPPORT OF ITS MOTION FOR REMAND FILED ON OCTOBER 16, 2013 AND ITS REPLY TO DEFENDANT ADP, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND FILED ON OCTOBER 16, 2013, FILED ON NOVEMBER 18, 2013.  (ECF No. 37).

On December 9, 2013, a Hearing on PLAINTIFFS' MOTION FOR

REMAND (ECF No. 12) was held before the Honorable Helen Gillmor.

## **BACKGROUND**

The Complaint contains the following description of the events giving rise to the claims:

Plaintiffs Teri Correa ("Plaintiff Correa"), Elizabeth Hawkins ("Plaintiff Hawkins"), and Jennifer Root, formerly known as Jennifer Bruschi ("Plaintiff Root"), (together "Plaintiffs"), were employed by Defendant ADP, Inc. ("Defendant ADP"), as District Managers on the Hawaii sales team.  (Complaint, attached as Exh. A. to Defendant ADP's Notice of Removal, ECF. No. 1-1 at ¶¶ 25, 31, 46, 49, 67, 70, 99).

The Complaint asserts that between August 2009 and Plaintiffs' constructive discharges in February and April 2012, Defendant James L. Gummow ("Defendant Gummow"), followed by Defendant Daniel E. Alexander ("Defendant Alexander") and Defendant Ernest Ahumada ("Defendant Ahumada") supervised Defendant ADP's Hawaii sales team.  (Id. at ¶ 11, 14-15).

The Complaint contains allegations that Defendants Gummow, Alexander, and Ahumada treated male District Managers more favorably than Plaintiffs.  (Id. at ¶¶ 28, 29(a)-(ff), 34-46, 50-67, 71-99).  Plaintiffs allege that in October 2011 Defendants ADP, Gummow, and Alexander distributed open sales accounts to less experienced male District Managers and not to Plaintiffs.

4

(Id. at ¶¶ 29(i)-(m)).  The Complaint contends that Defendants ADP, Alexander, Gummow, and Ahumada restricted the type of sales Plaintiffs were allowed to pursue but did not restrict male District Managers.  (Id. at ¶¶ 42-45, 55-58, 82-83, 89).  Plaintiffs allege that they were subjected to performance evaluations and reprimands for failure to meet their sales goals.  (Id. ¶¶ 29(q)-(v), 39-40, 54-59, 65, 80, 84, 91, 96).  Plaintiffs contend that the male District Managers who also failed to meet their sales goals were not subjected to performance evaluations or reprimands.  (Id. at ¶¶ 29(r), 41, 98).  Plaintiffs Correa and Root allege that they were denied position transfers for which they were eligible.  (Id. at ¶¶ 61-64, 88-89).

   The Complaint contends that Plaintiffs were subjected to a hostile work environment.  (Id. at ¶¶ 29, 46, 67, 99).  Plaintiffs claim they were subjected to verbal hostility and reprimands.  (Id. at ¶¶ 35, 52, 80).  Plaintiff Root alleges that Defendant ADP, Defendant Gummow, and/or Defendant Ahumada failed to make reasonable accommodations to permit her to rest and attend medical appointments when she was pregnant.  (Id. at ¶ 76, 78).

   The Complaint alleges that Plaintiffs reported to Defendant Jill Altana that they had been subjected to gender discrimination and requested that Defendant ADP take prompt corrective action.  (Id. at ¶ 16, 29(w)).  Plaintiffs claim that Defendant ADP

responded to their report of discrimination by conducting an unfair investigation. (Id. at ¶¶ 29(y)-(ee)). Plaintiffs claim that they were constructively terminated on account of a hostile work environment. (Id. at ¶¶ 14, 46. 67, 99).

## STANDARD OF REVIEW

A motion to remand may be brought to challenge the removal of an action from state to federal court. 28 U.S.C. § 1447(c); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Removal of a civil action is permissible if the district courts of the United States have original jurisdiction over the action. 28 U.S.C. § 1441. There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). The "strong presumption" against removal jurisdiction "means that the defendant always has the burden of establishing that removal is proper." Id. If it appears at any time before final judgment that the district court lacks subject matter jurisdiction, the action must be remanded. 28 U.S.C. § 1447(c).

Subject matter jurisdiction is conferred on federal courts either through federal question jurisdiction under 28 U.S.C. § 1331, or through diversity jurisdiction under 28 U.S.C. § 1332.

Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  The burden of establishing that diversity jurisdiction exists rests on the party asserting it.  Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010).

## ANALYSIS

### I.   Fraudulent Joiner

Plaintiffs move to remand on the ground that the Court lacks subject-matter jurisdiction. (Motion for Remand, ECF No. 12-1 at pp. 2-17).  Defendant ADP contends that diversity jurisdiction exists because the sole non-diverse Defendant, Defendant Ahumada, was fraudulently joined.  (Opposition, ECF No. 19 at pp. 2-11).

"Fraudulent joinder" is a term of art.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.

1987)).  There is a "general presumption" against fraudulent joinder, and the removing defendant carries a heavy burden to prove fraudulent joinder by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  All disputed questions of fact and ambiguities in the law must be resolved in favor of the plaintiff.  See Medow v. Tower Ins. Co. Of New York, 2011 WL 2678875 *3 (C.D. Cal. 2011) (citing Dodson v. Spilada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)).

Joinder is not fraudulent if there is any possibility that the plaintiff will be able to establish liability against the non-diverse defendant.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043-46 (9th Cir. 2009); Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998) (finding that the defendant must show "that there is no possibility, based on the pleadings, that plaintiff can state a cause of action against the non-diverse defendant in state court").  Courts "do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that [plaintiff] may do so." Dodson, 951 F.2d at 42-43; see Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1333 (11th Cir. 2011) (per curiam) (explaining that the standard is not whether the claim is "plausible" but whether there is "a possibility" the complaint stated a cause of action).  Courts ordinarily do not consider a non-diverse

defendant's defenses on the merits in determining whether that defendant's joinder was "fraudulent." <u>Hunter</u>, 582 F.3d at 1044.

## II. Employer and Employee Liability Pursuant to Hawaii Revised Statutes § 378-2

Section 378-2 of Hawaii Revised Statutes ("HRS") prohibits discrimination as follows:

>    (1) Because of race, sex, including gender identity or expression, sexual orientation, age, religion, color, ancestry, disability, marital status, or arrest and court record, or domestic or sexual violence victim status if the domestic or sexual violence victim provides notice to the victim's employer or such status or the employer has actual knowledge of such status:
>
>        (A) For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment;
>
> ...
>
>    (2) For any employer, labor organization, or employment agency to discharge, expel, or otherwise discriminate against any individual because the individual has opposed any practice forbidden by this part or has filed a complaint, testified, or assisted in any proceeding respecting the discriminatory practices prohibited under this part;
>
>    (3) For any person whether an employer, employee, or not, to aid, abet, incite, compel or coerce the doing of any of the discriminatory practices forbidden by this part, or attempt to do so.

Plaintiffs allege that Defendant Ahumada is individually liable for unlawful discrimination pursuant to HRS § 378-2. (Motion for Remand, ECF No. 12-1 at pp. 3-10); (Complaint, ECF

No. 1-1 at ¶¶ 5, 18, 23).  There is no federal question presented in this case.  This Court is bound by the decisions of the highest Hawaii state court when interpreting Hawaii state discrimination law, not by decisions of federal courts which interpret Title VII.  See  Schaffer v. GTE, Inc., 40 Fed. Appx. 552, 555 n.3 (9th Cir. 2002) (citing Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir. 2001)).

The Hawaii Supreme Court has not yet addressed the particular issue of individual liability pursuant to HRS § 378-2.  A federal court is obligated to follow the decisions of a state's intermediate courts when the state's supreme court has not yet addressed the issue and there is no convincing evidence that the state supreme court would decide differently from the intermediate appellate courts.  Scaffer, 40 Fed. Appx. at 555 n.3 (citing Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1494 n.4 (9th Cir. 1996)).

The Intermediate Court of Appeals of Hawaii has interpreted HRS § 378-2 and concluded that employees are subject to individual liability when they are agents of an employer or when they aid, abet, incite, compel, or coerce prohibited discriminatory practices.  Lales v. Wholesale Motors Co., 2012 WL 1624013 (Haw. Ct. App. May 9, 2012) (unpublished), *cert. granted*, 2012 WL 4801373 (Haw. Oct. 9, 2012).

The Lales case is on appeal before the Hawaii Supreme Court.

10

Oral argument in <u>Lales</u> was heard on December 20, 2012.  See <u>Lales</u>, No. SCWC-28516, (Haw).  The Hawaii Supreme Court has not yet issued a decision in the case.  At this time, <u>Lales</u>, as decided by the Intermediate Court of Appeals of Hawaii, is controlling law.  <u>Lales</u>, 2012 WL 1624013 (Haw. Ct. App. May 9, 2012); <u>see</u> <u>Vestar Dev. II, LLC</u>, 249 F.3d at 960.  If the Hawaii Supreme Court should rule differently from the Intermediate Court of Appeals, this case will be in the Hawaii state court system and subject to any change in state decisional law.

### A. Plaintiffs State Possible Claims Against Defendant Ahumada Based on Agency Pursuant to HRS § 378-2

HRS § 378-2 broadly defines "employer" to include "any person ... having one or more employees" and "any agent of such person."  <u>Lales</u>, 2012 WL 1624013 (Haw. Ct. App. May 9, 2012) at *10-11.  "The language 'any person ... including ... any agent of such person' in the definition of employer contemplates that agents are individually liable as employers under the statute." <u>Id.</u> (quoting <u>Sherez v. State of Hawai'i Dept. of Educ.</u>, Cv. No. 04-00390 JMS, 396 F.Supp.2d 1138, 1147 (D.Haw. 2005)).

Plaintiffs contend that Defendant Ahumada acted within the scope of his employment as Defendant ADP's agent when he allegedly discriminated against Plaintiffs because of their sex.  (Complaint, ECF No. 1-1 at ¶¶ 18, 29, 46, 54-65, 67, 78, 91, 96, 99).  The Complaint contains allegations that Defendant Ahumada

11

treated male District Managers more favorably than Plaintiffs. (Id. at ¶¶ 54-58, 60, 65, 78, 91, 96, 98).  Plaintiffs claim that Defendant Ahumada restricted the type of sales Plaintiff Correa could provide but he did not restrict male District Managers. (Id. at ¶¶ 54-58).  Plaintiff Correa asserts that Defendant Ahumada required her to check her work e-mail and voice messages when she was out sick but he did not require male District Managers to do so.  (Id. at ¶ 60).

The Complaint alleges that Defendant Ahumada subjected Plaintiffs Correa and Root to performance reviews and reprimands for failing to meet their sales goals.  (Id. at ¶¶ 54-59, 65, 91).  Plaintiffs claim that Defendant Ahumada did not subject male District Managers to performance reviews or reprimands for failing to meet their sales goals.  (Id. at ¶ 98).

There is a possibility that a Hawaii state court may find a cause of action against Defendant Ahumada pursuant to HRS § 378-2 and Lales v. Wholesale Motors Company, 2012 WL 1624013 (Haw. Ct. App. May 9, 2012).  Defendant ADP has not met its heavy burden of establishing that Plaintiffs "obviously" fail to state a claim against Defendant Ahumada.  See Lizari v. CVS Pharmacy, Inc., 2011 WL 223806, at *2 (C.D. Cal. 2011) ("[F]ederal courts in this circuit have applied the fraudulent joinder rule only in cases where it is undisputably clear (or 'obvious,' in the language in McCabe, 811 F.2d at 1339) that the plaintiff states no cause of

action against the non-diverse defendant.").

> **B. Plaintiffs State Possible Claims Against Defendant Ahumada Based on Aiding and Abetting Pursuant to HRS § 378-2**

HRS § 378-2(3) does not define the terms "aid" and "abet." Courts construing similar statutes have looked to the Restatement (Second) of Torts § 876(b) (1979) for guidance in defining these terms. See Lovell v. United Airlines, 09-00146 ACK-LK, 2009 WL 3172729, at *4 (D.Haw. Oct. 2, 2009). The Restatement provides that "[f]or harm resulting to a third person from the tortious conduct of another, one is subject to liability if he ... knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself...." Restatement (Second) of Torts § 876(b).

Plaintiffs assert that Defendant Ahumada aided and abetted the discriminatory practices of Defendant ADP, Defendant Gummow, and Defendant Alexander. The Complaint alleges that Defendant Ahumada served as Plaintiffs' immediate supervisor when Plaintiffs were constructively terminated due to an ongoing hostile work environment. (Complaint, ECF No. 1-1 at ¶¶ 15, 29, 46, 67, 99). Plaintiffs allege that Defendant Ahumada gave substantial assistance or encouragement to the alleged discriminatory practices of Defendant ADP, Defendant Gummow, and Defendant Alexander. (Id. at ¶¶ 54-58, 60, 65, 78, 91, 96, 98).

13

Defendant ADP has the burden, as the party seeking federal subject matter jurisdiction, to prove that Plaintiffs fail to state a cause of action against Defendant Ahumada and that this failure is *obvious*. Hamilton Materials, Inc., 494 F.3d at 1206. The Complaint contains sufficient allegations to find a possibility that Plaintiffs have stated a claim against Defendant Ahumada.

### III. Plaintiffs' Claims Pursuant to HRS § 378-2 Are Not Clearly and Convincingly Barred by Statute of Limitations

Defendant ADP argues that Plaintiffs' claims against Defendant Ahumada are time-barred by the statute of limitations. Defendant ADP relies on federal court interpretations of Title VII in support of its argument.

Hawaii state courts do not exclusively rely on federal courts' interpretations of Title VII when interpreting HRS § 378-2. The Hawaii Supreme Court and Intermediate Court of Appeals have explained that Hawaii state courts deviate from federal interpretations of Title VII when considering the Hawaii state discrimination statute under HRS § 378-2. See Furukawa v. Honolulu Zoological Soc'y, 936 P.2d 643, 648 (Haw. 1997); Nelson v. Univ. of Haw., 38 P.3d 95, 109 (Haw. 2001); Arquero v. Hilton Hawaiian Vill. LLC, 91 P.3d 505, 513 (Haw 2004).

The Hawaii state courts interpret the state's own statute of limitations for filing a discrimination claim differently from

Title VII's statute of limitations.  The Hawaii courts have explained that the statute of limitations for filing a discrimination case in Hawaii should be liberally construed in order to accomplish the purpose of the statute, which is to remedy the effects of discrimination.  Lales v. Wholesale Motor Co., 2012 WL 1624013, *7 (Haw. App. May 9, 2012) (stating that "HRS Chapter 368, which establishes the filing of an administrative action and the issuance of notice of right to sue as prerequisites for Lales to bring a civil action on his HRS Chapter 378 claims in court, is 'a remedial statute designed to enforce civil rights protections and remedy the effects of discrimination,' and therefore, 'should be liberally construed in order to accomplish that purpose.'"); see Ross v. Stouffer Hotel Co., 879 P.2d 1037, 1044 (Haw. 1994) (explaining that the court's broad interpretation of the statute of limitations for discrimination claims allowing for "adjudication on the merits is more consistent with the remedial purposes of Part I of HRS Chapter 378 than one likely to bar potentially meritorious claims").

    Defendant ADP's arguments relying on federal court interpretations of federal law do not demonstrate that Defendant Ahumada was fraudulently joined by "clear and convincing" evidence according to the "obvious" and "settled rules of the state".  Hamilton Materials, Inc., 494 F.3d at 1206; Morris, 236

15

F.3d at 1067.

Defendant ADP's contention that Plaintiffs' claims are based on discrete acts of discrimination and not a hostile work claim attempts to go to the merits of Plaintiffs' claims.  Dodson, 951 F.2d at 42-43 (explaining that courts "do not decide whether the plaintiff will actually or even probably prevail on the merits" on a motion for remand).

Defendant ADP asserts that this Court should consider federal court decisions interpreting hostile work environment to find that Defendant Ahumada has a defense based on the statute of limitations.  Courts do not consider possible defenses that go to the merits of the case in determining whether the joinder of a defendant was fraudulent.  Hunter, 582 F.3d at 1044; ; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318-19 (9th Cir. 1998) (holding that the court may consider a statute of limitations defense only if it does not truly go to the merits of the plaintiff's claim in any sense); see Riverdale Baptist Church v. Certainteed Corp., 349 F.Supp.2d 943, 950 (D.Md. 2004) (finding that the federal preemption defense goes to the merits and not whether the defendant was fraudulently joined).

Defendant ADP effectively asks the Court to address the underlying merits of Plaintiffs' claims against Defendant Ahumada, and determine whether Plaintiffs will ultimately be able to succeed.  Such an inquiry is inappropriate at this stage.  The

16

sole inquiry before the Court is whether Plaintiffs have stated any possible cause of action against Defendant Ahumada. <u>Hunter</u>, 582 F.3d at 1044-45.

Plaintiffs have stated a possible cause of action against Defendant Ahumada. The Court need not consider Plaintiffs contention that they have also stated a cause of action against Defendant Ahumada for intentional infliction of emotional distress pursuant to HRS § 368-8.

## IV. Conclusion

Plaintiffs need only state any possible cause of action against Defendant Ahumada. There is a possibility that a Hawaii state court may find a cause of action against Defendant Ahumada pursuant to HRS § 378-2 and <u>Lales v. Wholesale Motors Company</u>, 2012 WL 1624013 (Hawaii Ct. App. May 9, 2012). Plaintiffs are not required to prove the underlying merits of their claims or that they will ultimately be able to recover damages. Defendant ADP has not met its burden of establishing by clear and convincing evidence that Defendant Ahumada was fraudulently joined.

The Court lacks jurisdiction as there is no federal question or diversity of the parties. Plaintiffs' Motion for Remand is **GRANTED.**

## CONCLUSION

Plaintiffs' MOTION FOR REMAND (ECF No. 12) is **GRANTED**.

The case and all files herein are **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii for further proceedings.

IT IS SO ORDERED.

Dated: December 19, 2013, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

Teri Correa; Elizabeth Hawkins; Jennifer Root, formerly known as Jennifer Bruschi, v. ADP, Inc.; Ernest Ahumada; Daniel E. Alexander; Jill Altana; Nena Dols; James L. Gummow; John Does 1-10; Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; Roe "Non-Profit" Corporations 1-10; and Roe Governmental Entities 1-10; Civ. No. 13-00488 HG-KSC; **ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND (ECF No. 12).**          18